```
                 IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 13
JAMES D. LYNCH,                 )
LESLIE A. LYNCH,                )    Bankruptcy No. 07-02323
                                )
     Debtors.                   )
```

### ORDER RE: REQUEST TO RETAIN PORTION OF REFUND

This matter was heard on September 2, 2009 on Debtors' Request to Retain Portion of Refund. Debtors James and Leslie Lynch appeared with attorney Paul T. Shinkle. Carol Dunbar appeared as Chapter 13 Trustee. After hearing evidence and arguments, the Court took the matter under advisement. This is a core proceeding pursuant to 29 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtors wish to retain $1450 of their tax refund to cover a University of Northern Iowa ("UNI") bill of $820, the muffler system replacement for one of their vehicles of $430, and plumbing and HVAC license fees of $200. Trustee objects, asserting she needs more information on the UNI bill and the license fees. Trustee does not object to payment of the $430 vehicle repair expense from the tax refund.

### FINDINGS OF FACT

Debtors filed their Chapter 13 petition on December 14, 2007. On Schedule F, Debtors list a debt to the UNI Office of Student Accounts in the amount of $804.25. At the hearing, Debtor Leslie Lynch described the debt as a leftover tuition bill. To date, UNI has not filed a proof of claim.

Debtor Leslie Lynch is employed as an area maintenance worker by the University of Northern Iowa. Due to the economy, Debtor is concerned that she may lose her job when the University makes its budget cuts if she doesn't add to her qualifications. To that end, she wants to obtain plumbing and HVAC licenses, which she will need to renew every two years. Additionally, she wants to register for additional classes at UNI. These courses will provide additional necessary training for her employment. According to Attorney Shinkle, the combination of more training

classes and the two licenses, combined with Debtor's seniority at UNI, will guarantee that Debtor keeps her job.

At the hearing, Attorney Shinkle stated that Debtors have been having auto repair issues which have required them to tighten their budget. On July 9, Debtors paid $976 to repair one of their two vehicles, and on July 27, they paid $538.86 for a second set of car repairs. Debtors are not asking for any portion of the tax refund to pay these bills.

Debtors received a net tax refund of $2570 which Trustee currently possesses. Debtors wish to have $1450 of this refund returned to them to pay for the muffler system replacement, plumbing and HVAC license fees, and the pre-petition UNI tuition bill of $804.25.

## CONCLUSIONS OF LAW

This Court considers various factors in determining whether a debtor should be permitted to retain a tax refund or other disposable income to pay current expenses. In re Wistey, No. 08-00555M, 2008 WL 3087346, at *1 (Bankr. N.D. Iowa June 25, 2008) (discussing debtors' retention of economic stimulus rebate funds). "These factors include (1) whether the expenses are necessary and the amounts reasonable; (2) whether the expenses fall within the expense categories in Schedule J; (3) whether the particular expense was foreseeable within the category; and (4) whether there is sufficient money within the category to pay the expense." In re Kruse, 406 B.R. 833 (Bankr. N.D. Iowa 2009) (citing Wistey, 2008 WL 3087346, at *1). A court may also consider "the amount of the debtor's tax refund, the amount of the refund in comparison to the total tax due, the debtor's yearly income and expenses, the debtor's overall budget, the number and nature of the debtor's dependents, the amount being paid into the debtor's plan, the dividend being paid to unsecured creditors, and the length of the debtor's plan." Id. (quoting In re Michaud, 399 B.R. 365, 372 (Bankr. D.N.H. 2008)).

As Debtors work two different schedules, they require two vehicles to get to and from work. Additionally, Debtor Leslie Lynch requires additional licenses and education to ensure that she retains her current employment when cuts are made at UNI. Debtor Leslie Lynch's need for HVAC and plumbing licenses could be categorized as a regular expense for operation of business, profession, or firm, for which Debtors budget $0 per month on Schedule J. The $430 expense for vehicle muffler repair is not easily categorized. It appears to fit within the transportation category, for which Debtors budget $400 per month on Schedule J.

2

The outstanding bill to UNI could be categorized as an installment payment. On Schedule J, Debtors have budgeted $557 per month for student loans.

## AUTOMATIC STAY

The filing of a bankruptcy petition imposes the automatic stay pursuant to § 362. Section 362 prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case." 11 U.S.C. § 362(a)(6). The automatic stay under § 362 of the Bankruptcy Code "is one of the fundamental debtor protections provided by the bankruptcy laws." H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 6296. It is extremely broad in scope. In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989). Congress designed the automatic stay to stop "all collection efforts, all harassment, and all foreclosure actions . . . [and to permit] the debtor to be relieved of the financial pressures that [resulted in the bankruptcy]." In re Pearce, 400 B.R. 126, 133 (Bankr. N.D. Iowa 2009) (citing In re Vierkant, 240 B.R. 317, 320 (8th Cir. BAP 1999)). "Because of its fundamental importance, courts must display a certain rigor in reacting to violations of the automatic stay." Pearce, 400 B.R. at 133.

This case raises the issue of whether a school violates the automatic stay if it refuses to allow a debtor to register for classes when an outstanding pre-petition tuition debt exists. There is little authority on this issue, although one case directly addresses class registration. In re Parker, 334 B.R. 529 (Bankr. E.D. Mass. 2005). In Parker, the court found cases where schools withheld transcripts to compel payment of pre-petition debts analogous to preventing registration to compel payment. Id. "The act of withholding a debtor's transcript has the same character as the act of denying a debtor the opportunity to register for class or to graduate, as it deprives a student of a service that would be available to her were she not a debtor . . . " Id. at 534.

Numerous courts have examined the issue whether an educational institution violates the automatic stay when it withholds a debtor's transcript due to an outstanding tuition balance or student loan debt. "The majority view is that the withholding of a debtor's transcript because of an outstanding tuition balance or unpaid student loans violates the automatic stay." In re Moore, 407 B.R. 855, 860 (Bankr. E.D. Va. 2009) (citing In re Mu'min, 374 B.R. 149, 155 (Bankr. E.D. Pa. 2007); Parker, 334 B.R. at 534-36; see also In re Carson, 150 B.R. 228,

3

231 (Bankr. E.D. Mo. 1993) (holding that a college withholding delivery of transcripts due to an outstanding pre-petition debt is an act to collect in violation of the automatic stay).

## ANALYSIS

Based on the foregoing, the Court concludes that Debtors may retain a total of $630 from their tax refund to pay for their vehicle repair and for Debtor Leslie Lynch's work-related licenses. These amounts are reasonable and payment of these expenses is necessary. The Court believes that UNI's attempt to have Debtors pay the outstanding pre-petition tuition bill may violate the automatic stay. Debtors' request to pay the outstanding UNI bill from the tax refund is denied.

**WHEREFORE**, Debtors' request to retain $630 of their 2008 tax refund is GRANTED.

**FURTHER**, Debtors' request to retain $820 of their 2008 tax refund to pay the outstanding UNI bill is DENIED.

Dated and Entered: October 1, 2009

_____
Paul J. Kilburg
Chief Bankruptcy Judge